UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

PATRICK NEPTUNE,

   Plaintiff,	CASE NO.:

-VS-	DIVISION:

WHETSTONE PARTNERS, LLC,
d/b/a ETITLELOAN,

   Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Broward County, Florida.

### FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Broward County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

1

7. Plaintiff is the "called party." See <u>Soppet v. Enhanced Recovery Co., LLC</u>, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (954) 661-7387, and was the called party and recipient of Defendant's hereafter described calls.

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

15. On or about October 17, 2013, Plaintiff procured a loan with Defendant, for which payment was to be made by the Plaintiff on the 17th of each month for the term of one year.

16. In or about November 14, 2013, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's

caller ID identified that the calls were being initiated from the following phone numbers: (800) 421-0447 and (305) 508-9100.

17. On or about November 14, 2013 Plaintiff received an automated telephone call to his aforementioned cellular telephone from Defendant who left a voicemail, which included a pre-recorded voice reminding Plaintiff that his payment was due.

18. On or about November 14, 2013, Plaintiff called Defendant and spoke with a female agent or representative, stating that his payment was not yet due, to stop calling him, and revoked any express consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

19. Defendant made approximately forty-five (45) phone calls to Plaintiff's aforementioned cellular telephone number since November of 2013 through the filing of this Complaint. [Please see **Exhibit A** demonstrating at least 7 phone calls from February 14, 2014 to February 17, 2014.]

20. On more than five occasions, Plaintiff has answered the Defendants phone calls in an attempt to be removed from the call list, informing the Defendant not to call him any longer.

21. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

22. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

23. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

24. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts and solicit continued business from individuals such as Plaintiff for its financial benefit.

25. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

26. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

29. Plaintiff incorporates Paragraphs one (1) through twenty-eight (28).

30. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

31. Plaintiff incorporates one (1) through twenty-eight (28).

32. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

34. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

35. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

36. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda Allen*
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff